In the Matter of PAUL E. KEITH (Admitted as PAUL EDWARD KEITH), a Suspended Attorney, Resignor.

Second Department, March 16, 1992

**APPEARANCES OF COUNSEL**

*Robert H. Straus* for Grievance Committee for the Second and Eleventh Judicial Districts.

*Lawton W. Squires* for resignor.

**OPINION OF THE COURT**

Per Curiam.

Paul E. Keith has submitted an affidavit dated November 20, 1991, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Keith was admitted to the practice of law by the Appellate Division of the

Supreme Court, First Judicial Department, on June 4, 1984, under the name Paul Edward Keith. By order of this court dated July 16, 1991, Mr. Keith was suspended from the practice of law pending consideration of charges of professional misconduct against him based upon misconduct immediately threatening the public interest, in that the respondent failed to comply with the lawful demands of the Grievance Committee for the production of escrow records and failed to submit a written answer to a complaint filed against him with the Grievance Committee.

Mr. Keith acknowledges that he is the subject of an ongoing investigation by the Grievance Committee for the Second and Eleventh Judicial Districts concerning allegations that he converted escrow funds to his own use. He concedes that he commingled clients' funds with his own personal checking account and failed to deposit escrow funds into a proper attorney's trust account. Mr. Keith further states that he has no objection to the entry of an order pursuant to Judiciary Law § 90 (6-a), directing restitution, and he specifically waives his right to be heard in opposition to an application for such an order.

Mr. Keith indicates that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, that he is fully aware of the implications of submitting his resignation, and that he could not successfully defend himself on the merits against disciplinary charges based upon the aforementioned allegations.

Counsel for the Grievance Committee recommends that the court accept the resignation. Under the circumstances herein, the resignation of Paul E. Keith as a member of the bar is accepted and directed to be filed. Accordingly, Paul E. Keith is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and HARWOOD, JJ., concur.

Ordered that the resignation of Paul E. Keith, admitted under the name Paul Edward Keith, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Paul E. Keith is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Paul E. Keith shall continue to comply with

this court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, Paul E. Keith is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), Paul E. Keith is directed to make restitution in the amounts set forth to the following persons whose money or property was willfully misappropriated or misapplied, less the amount of any awards to those persons by the Lawyers' Fund for Client Protection arising out of said misappropriation or misapplication:

1) $5,000 to Harry and Althea Thompson;

2) $12,500 to Ruth Brown; and,

3) $10,000 to Joseph McGhie;

and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the persons whose money or property was willfully misappropriated or misapplied by him; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person or persons to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person or persons; and it is further,

Ordered that the resignor's request that his resignation be kept confidential is denied.